Owen McGivern, J.
In this action denominated Action No. 2, plaintiffs move pursuant to rule 109 of the Rules of Civil Practice, for an order striking out defenses and counterclaims contained in the answer of the intervenor on the ground that it appears on the face of the defenses and counterclaims that there is another action pending between the plaintiffs and intervenor for the same cause and upon the further ground that it appears on the face of the defenses and counterclaims that the counterclaims are not properly interposable in this action. A single defense was interposed by the intervenor which is also asserted as a counterclaim and cross claim against the defendant. It does not appear on the face thereof that a prior action is pending. By cross motion, plaintiff in the prior action and intervenor in this action moves for consolidation of the two actions pending in this court.
By the complaint in this action (Action No. 2), plaintiffs seek rescission and incidental relief with respect to two agreements with defendant, who was their attorney at the time, by which plaintiffs assigned to him an 8% interest in certain patents. *41 Intervenor interposed her pleading pursuant to leave granted to intervene. By her pleading, she seeks the annulment of the transfer and assignment of an 8% interest of defendant and that such interest be restored, to plaintiff corporation and to her as the joint property of plaintiff corporation and of intervenor and she seeks further a direction that the individual plaintiffs and defendant account for their acts and conduct with respect thereto.
Action No. 1 is a derivative stockholder’s suit. This intervenor as plaintiff there asserts a first cause of action against these individual plaintiffs and another, and a second cause of action against these individual plaintiffs and this plaintiff corporation and another. Therein she seeks an accounting of the individual defendants therein named and that they account to the subject corporation for their acts and conduct; that all transfers by the individual defendants of the property and business belonging to the corporation be set aside and that the damage incurred be assessed against the individual defendants.
In granting leave to intervene, the court stated: “ Otto v. Schwartz — Motion for leave to intervene as a party-defendant in this action, pursuant to section 193-b of the Civil Practice Act. Movant is a one-third stockholder in the corporate plaintiff. The individual plaintiffs are each similarly one-third stockholders. Movant has brought a separate suit against these individual plaintiffs, their attorney and a former director by way of a stockholder’s representative action, in which charges of conspiracy, breach of trust and waste of corporate assets are made. The history of the relationship between the parties indicates that representation and protection of movant’s interests by the present parties to this litigation, and by their attorney, may be inadequate. Besides, movant has a clear interest in the litigation, she will be bound by the results thereof, and she can not secure complete redress in her derivative suit, especially against the instant defendant. Her interest in patent application No. 577770, involved in the instant action, has not been seriously disputed; and common questions of law and fact are involved in the instant case and in movant’s claims. While the proposed amended answer appears to contain irrelevant and superfluous matter, subjecting it to appropriate motions addressed thereto if the parties be so advised, the motion is granted as a matter of right and in the exercise of judicial discretion.”
The pleading of intervenor involves transfers to defendant and in addition transfers of patents to another. The charges made by Briton as intervenor in Action No. 2 and as plaintiff in *42 Action No. 1 are substantially the same or so interrelated as to require that the matters involved and charges made in reference to the affairs of the corporation be determined in a single trial.
The answer of intervenor is within the leave to intervene as granted by the court, and the motion of the plaintiffs in Action No. 2 is denied. The motion to consolidate is granted.